IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYLAND H. FLETCHER, III                                        PLAINTIFF

vs.                              Civil No. 6:13-cv-06059

CAROLYN COLVIN                                                 DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

     Ryland Fletcher, III ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and

a period of disability under Titles II and XVI of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

**1. Background:**

     Plaintiff filed applications for disability benefits on July 22, 2008.  (Tr. 108-116).  Plaintiff

alleged he was disabled due to depression and a torn anterior cruciate ligament in his left leg.  (Tr.

132).  Plaintiff alleged an onset date of April 29, 2008.  (Tr. 132).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

initially and again on reconsideration.  (Tr. 68-78, 82-85).

Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted.  (Tr. 86-87).  Plaintiff's initial hearing was held on July 30, 2009 in Hot Springs, Arkansas.  (Tr. 26-67).  On February 24, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 10-21).  That decision was appealed, and on May 15, 2012, United States Magistrate Judge Barry Bryant entered a Memorandum Opinion remanding the matter for further consideration. (Tr. 327-334).

Following this, Plaintiff had a second administrative hearing on his applications and his hearing was held on December 19, 2012.  (Tr. 288-303).  Plaintiff was present and was represented by counsel, Sherry McDonough, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing.  *Id.*  At the hearing, Plaintiff amended his application and requested a closed period of disability from the onset date of April 29, 2008, through October 1, 2010 when he returned to full time employment as a security guard.  (Tr. 271).

On January 31, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 271-283).  In this decision, the ALJ determined Plaintiff met the insured status of the Act through June 30, 2015.  (Tr. 273, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from April 29, 2008, his alleged onset date, through October 1, 2010, the date he returned to full time employment.  (Tr. 273, Finding 2).

The ALJ determined Plaintiff had the severe impairments of status post anterior cruciate ligament reconstruction of the left knee and arthofibrosis of the left knee.  (Tr. 273, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of

2

impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings"). (Tr. 276, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 277-281, Finding 5).  The ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not fully credible. (Tr. 280).  The ALJ also determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of sedentary work. (Tr. 277, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 281).  This included work as a delivery driver, maintenance man, laborer, grounds keeper, and fence manufacturer. *Id*.  The ALJ found Plaintiff was unable to perform his PRW. (Tr. 281, Finding 6).  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 282, Finding 10).  The ALJ then used Medical-Vocational Guidelines Rule 201.25 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 203.25. (Tr. 282).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time from April 29, 2008, his alleged onset date, through October 1, 2010, the date he returned to full time employment. (Tr. 282, Finding 11).

On May 30, 2013, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 10, 12.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims the following: (1) the ALJ erred in failing to find Plaintiff met Listing 1.03, and (2) the ALJ failed to consider his impairments in combination. ECF No. 10 at 10-15. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the

5

meaning of the Social Security regulations.  These impairments included status post anterior cruciate ligament reconstruction of the left knee and arthofibrosis of the left knee.  (Tr. 273, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues he meets Listing 1.03 for reconstructive surgery or surgical arthrodesis of a major weight bearing joint because he was unable to ambulate effectively during the closed period because of his knee surgery and reconstructive surgery.  ECF No. 8, Pgs. 10-12.  Listing 1.03 requires evidence of reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and evidence that return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.03.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1).

To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to

6

travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2).   Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish he is unable to ambulate effectively.  Plaintiff has no evidence that he has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.  Further, no physician reported Plaintiff could not ambulate effectively.  In fact, in January 2009, almost six months after his surgery, his treating physician allowed him to return to sedentary work. (Tr. 213-214).  Also, on October 19, 2010, consultative physician Dr. Ted Honghiran noted Plaintiff had a severe limp, but did not find his ambulation ineffective, and indicated Plaintiff could stand and walk for two hours out of an 8-hour workday.  (Tr. 254-256).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B.  Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of his impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately,

would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2006).  In the present action, in reviewing

these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination*

of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404,

Subpart P, Appendix 1."  (Tr. 276, Finding 4) (emphasis added).  The ALJ also found, "after

consideration of the entire record," the Plaintiff had the RFC to perform the full range of sedentary

work.  (Tr. 277, Finding 5).  The ALJ went on to state Plaintiff's RFC would not preclude him from

performing other work that exists in significant numbers in the national economy.  (Tr. 282, Finding

10).

      These statements are sufficient under Eighth Circuit precedent to establish that the ALJ

properly considered the combined effect of a claimant's impairments.  *See Hajek v. Shalala,* 30 F.3d

89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that

the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments*

do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly

considered the combined effects of the plaintiff's impairments).

      Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly

considered Plaintiff's impairments in combination.  Plaintiff has alleged he suffers from a number

of impairments.  However, this Court is not required to find a claimant is disabled simply because

he or she has alleged a long list of medical problems.  The ALJ's opinion sufficiently indicates the

ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly

considered the severity of the combination of Plaintiff's impairments.  *See Hajek,* 30 F.3d at 92.

### 4. Conclusion:

      Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 30th day of June 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
